NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0254n.06
Filed: April 4, 2005

No. 04-3174

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RONALD MOORE, | ) | |
| | ) | |
| Plaintiff - Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE SOUTHERN |
| FAIRFIELD COUNTY SHERIFF; DAVE | ) | DISTRICT OF OHIO |
| PHALEN; FAIRFIELD COUNTY, OHIO; | ) | |
| FAIRFIELD COUNTY BOARD OF | ) | |
| COUNTY COMMISSIONERS, | ) | |
| | ) | |
| Defendants - Appellees. | ) | |

Before: Boggs, Chief Judge, Cook and Bright[*], Circuit Judges.

**PER CURIAM.** Ronald Moore, appellant, filed suit against Fairfield County Sheriff's Department, Fairfield County Sheriff Dave Phelan, Fairfield County and the Board of Commissioners of Fairfield County (collectively Fairfield), alleging they violated the Fair Labor Standards Act by failing to pay him for compensatory time and overtime. The United States District Judge[1] granted summary judgment to Fairfield, determining that Moore's claims were time-barred and equitable tolling does not apply. Moore v. Fairfield County Sheriff's Dep't, et al., No. C-2-02-748 (S.D. Ohio Jan. 6, 2004).

---

[*] The Honorable Myron H. Bright, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

[1] The Honorable George C. Smith, United States District Judge for the Southern District of Ohio.

Moore appeals, contending that the district court erred in considering Fairfield's late summary judgment motion and response memorandum and in considering Fairfield's exhibits. Moore also argues the district court erred in granting Fairfield summary judgment and determining Moore's claims were time-barred and equitable tolling does not apply.

We review the district court's decision with respect to Fairfield's excusable neglect in filing a late motion for summary judgment and response memorandum for abuse of discretion. See Allen v. Murph, 194 F.3d 722, 724 (6th Cir. 1999). We review the grant of summary judgment de novo and affirm if the evidence, viewed in the light most favorable to the nonmoving party, shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Rannals v. Diamond Jo Casino, 265 F.3d 442, 447 (6th Cir. 2001), cert. denied, 534 U.S. 1132 (2002); Fed. R. Civ. P. 56(c).

After carefully reviewing this case, we conclude the district court thoroughly analyzed the issues and properly applied the law. The district court has written a comprehensive, well-reasoned opinion covering all issues presented on this appeal, with which we agree.

The district court noted that it had previously granted Fairfield's motion for leave to enlarge the time period for filing, because Fairfield's late "filing was a result of excusable neglect." The district court then denied Moore's motion to strike. After carefully reviewing the record, we conclude that the district court did not abuse its discretion in determining Fairfield's late "filing was a result of excusable neglect."

The district court granted Fairfield's motion for summary judgment, relying on this court's decision in Archer v. Sullivan County, Nos. 95-5214, 95-5215, 1997 WL 720406 at *2 (6th Cir.

Nov. 14, 1997). The district court properly determined that Moore "is in the same position as the plaintiffs in <u>Archer</u>" and Moore, "like the plaintiffs in <u>Archer</u>, . . . is time-barred from asserting claims for compensatory time worked in excess of 480 hours." The district court noted that Fairfield had "already compensated [Moore] for 562 compensatory hours, in excess of the 480 hours that he could demand in the complaint." We affirm.

Finally, the district court properly and thoroughly addressed the five equitable tolling factors in determining that equitable tolling does not apply to this case.

Accordingly, we affirm on the basis of the district court's opinion.